THE PEOPLE OF THE STATE OF ILLINOIS, *ex rel.* DANIEL S. HARRIS *et al. v.* THOMAS C. BROWNE, Judge, &c.

*Motion for a peremptory Mandamus.*

Where a party to a suit in the Circuit Court takes a voluntary nonsuit, he goes out of Court and cannot afterwards file a bill of exceptions.

In this State, Courts cannot compel a plaintiff to become nonsuit, but he may, if he so elect, insist upon a verdict.

MOTION for a peremptory *mandamus* to the Hon. Thomas C. Browne, one of the Associate Justices of this Court, and presiding Justice in the Jo Daviess Circuit Court in the sixth Judicial Circuit. The motion was made to require him to sign and seal a bill of exceptions taken during the progress of the trial of a cause before him, wherein the Relators were plaintiffs and John H. Rountree and others were defendants, at the October term of the Jo Daviess Circuit Court, 1842.

It appears from the transcript of the record, that a jury was impaneled to try the above mentioned cause, and that, upon the rulings of the Court, the plaintiffs suffered a voluntary nonsuit. By an indorsement upon a bill of exceptions on file in this Court, it appears that during the term of Court aforesaid the same bill was presented to the presiding Judge to be signed and sealed, which he refused to do.

An application for an alternative *mandamus* was made to this Court, at the December term 1842, and the writ was granted at the December term 1843, but was not issued by the clerk until so requested by the counsel for the Relators, on the 28th day of August, 1846.

At the present term the Respondent made return to the writ, and among other reasons assigned for refusing to sign said bill of exceptions, gave the following, to wit: "He further states that he has not signed said bill of exceptions since the service of said writ upon him, because of the foregoing reasons, and because of the additional reason, that the party in the suit presenting the bill, to which the bill was intended to belong, had taken a voluntary nonsuit in the

cause before presenting said bill." A motion to quash the return, and for a peremptory *mandamus* was then made by the Relators' counsel, alleging that the return was insufficient in law and not in accordance with the facts, and for other reasons. The Court overruled the motion.

At a subsequent day of the term, the cause was submitted by counsel.

*T. Campbell,* and *E. B. Washburne,* for the Relators.

*A. Lincoln,* for the defendant, cited Morehead's Pr. 251, bottom of the page; 3 U. S. Dig. 58, title "*Nonsuit*," §§ 30, 33, 34.

Per Curiam. The motion for a peremptory writ of *mandamus* is denied. The relator took a voluntary nonsuit in the Circuit Court, and having voluntarily gone out of Court, he cannot call upon this Court to reverse a judgment, which was entered at his own solicitation, whether the Court committed errors in the proceedings of the course previous to the nonsuit or not. The rule seems to be different in states where the Court compels the plaintiff to became nonsuit whether he will or not. This Court has held, *Amos* v. *Sinnott,* 4 Scam. 447, that the Circuit Courts in this State, have no such authority, but that the plaintiff may, if he choose, insist upon a verdict. If the plaintiff could voluntarily take a nonsuit and still reserve the right of excepting to the decision of the Court, he would have an unfair advantage over the defendant. If he wish to assign the decisions of the Court for error, he must abide by them. The plaintiff, by taking a nonsuit, has waived his exceptions, and cannot compel the judge to sign the bill.

*Motion denied.*

* Wilson, C. J. and Justice Lockwood did not sit in this case.